NO. 4-07-0063          Filed 8/13/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE HOUSING AUTHORITY OF THE CITY OF DANVILLE, ILLINOIS, | ) ) | Appeal from Circuit Court of |
|        Plaintiff-Appellee, | ) | Vermilion County |
|        v. | ) | No. 06LM781 |
| BECKY LOVE, | ) | |
|        Defendant-Appellant. | ) ) ) ) | Honorable Joseph P. Skowronski, Judge Presiding. |

_____

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Becky Love, is a tenant of plaintiff, the Danville Housing Authority. In an action for forcible entry and detainer, the trial court awarded possession to plaintiff. Defendant appeals, arguing that plaintiff failed to provide her the grievance procedure required by federal statutory law. We agree and, therefore, reverse the trial court's judgment.

I. BACKGROUND

The lease agreement provides as follows:

"III. Informal settlement of a grievance

Any grievance must be personally presented, either orally or in writing, to the [public housing authority's] central office or the management office of the development in which the complainant resides[,] within [10] days after the grievable event.

* * *

*** [T]he complainant will be contacted to arrange a mutually convenient time <u>within</u> [10] <u>working</u> <u>days</u> to meet so the grievance may be discussed informally and settled without a hearing.  ***

<u>Within</u> <u>five</u> <u>working</u> <u>days</u> following the informal discussion, the [public housing authority] shall prepare and either hand-deliver or mail to [the] [t]enant a summary of the discussion ***.  ***

IV. Formal Grievance Hearing

If the complainant is dissatisfied with the settlement arrived at in the informal hearing, the complainant must submit a written request for a hearing to the management office of the development where [the] [t]enant resides[,] <u>no</u> <u>later</u> <u>than</u> <u>five</u> <u>working</u> <u>days</u> <u>after</u> <u>the</u> <u>summary</u> <u>of</u> <u>the</u> <u>informal</u> <u>hearing</u> <u>is</u> <u>received</u>."  (Emphases in original.)

On September 13, 2006, plaintiff served upon defendant a 30-day notice of termination of the lease.  The grounds for termination were twofold:  (1) defendant failed to keep the apartment clean and free of trash; and (2) the apartment was infested with mice, in violation of the prohibition against harboring animals.

On September 27, 2006, defendant hand-delivered a grievance to plaintiff, contesting the termination of the lease.  Plaintiff never responded because it considered the grievance to be untimely.  Under the lease, the deadline for submitting a grievance was September 23, 2006 (10 days after the "grievable event," <u>i.e.</u>, the service of the

- 2 -

notice of termination on September 13, 2006).

Plaintiff filed a complaint for forcible entry and detainer, and the trial court held a bench trial. At the conclusion of plaintiff's case, defendant moved for a directed finding pursuant to section 2-1110 of the Code of Civil Procedure (735 ILCS 5/2-1110 (West 2006)) on the ground that plaintiff had failed to provide her the grievance procedure required by federal law. Defendant argued that under the applicable federal statute, her grievance was timely because she submitted it within the 30-day period in the notice of termination. See 42 U.S.C. §§1437d(k)(2), (l)(4)(C) (2000). The court disagreed with defendant's interpretation of the statute and held the grievance to be untimely because defendant had failed to submit it within 10 days, the deadline to which the parties agreed in the lease.

Defendant testified that her mother had a heart attack in February 2006, making it necessary for defendant to spend much of her time at her parents' house, taking care of them, with the result that her own housekeeping suffered. Defendant and her father testified that the deficiencies in housekeeping had been remedied, as shown in recent photographs. The trial court found that plaintiff had proved the alleged violations of the lease. Accordingly, it entered judgment in plaintiff's favor for possession of the premises.

This appeal followed.


II. ANALYSIS

The parties agree that defendant had the right to submit a grievance over the termination of the lease. They agree that a public-housing tenancy cannot be

terminated until the time for submitting a grievance has expired, and if the tenant submits a timely grievance, the tenancy cannot be terminated until the grievance procedure is completed. 24 C.F.R. §966.4(l)(3)(iv) (2007). They also apparently agree that the 10-day deadline in their lease is unenforceable if it conflicts with federal law. In its brief, plaintiff says: "[I]f the 10[-]day notice period is not in violation of federal law, it must be upheld under general contract principles." (Emphasis added.) The corollary would seem to be that if the 10-day period violates federal law, it should not be upheld.

The sole issue in this appeal is whether the contractual 10-day period for submitting a grievance is consistent with federal statutory law. We interpret statutes de novo. In re Marriage of Elenewski, 357 Ill. App. 3d 504, 506, 828 N.E.2d 895, 897 (2005). The relevant federal statute provides as follows:

"(k) ***

The Secretary shall[,] by regulation[,] require each

public housing agency receiving assistance under this chap-

ter [the United States Housing Act of 1937 (42 U.S.C. §§1437-

1440 (2000))] to establish and implement an administrative

grievance procedure under which tenants will--

***

(2) have an opportunity for a hearing

before an impartial party upon timely request

within any period applicable under subsection

(l) ***.

* * *

- 4 -

(l) ***

Each public housing agency shall utilize leases which--

* * *

(4) require the public housing agency to give adequate written notice of termination of the lease which shall not be less than--

(A) a reasonable period of time, but not to exceed 30 days--

(i) if the health or safety of other tenants, public housing agency employees, or persons residing in the immediate vicinity of the premises is threatened; or

(ii) in the event of any drug-related or violent criminal activity or any felony convic-

tion;

(B) 14 days in the case of

nonpayment of rent; and

(C) 30 days in any other

case, except that if a State or local

law provides for a shorter period

of time, such shorter period shall

apply[.]"  42 U.S.C.

§§1437d(k)(2), (l)(4) (2000).

In accordance with section 1437d(k)(2), the Secretary of Housing and

Urban Development has promulgated subpart B, part 26, chapter IX, subtitle B of Title

24 of the Code of Federal Regulations.  Subpart B, entitled "Grievance Procedures and

Requirements," is comprised of sections 966.50 through 966.57 (24 C.F.R. §§966.50

through 966.57 (2007)) and contemplates a two-stage grievance procedure--as does the

lease in this case.  In the first stage, the tenant will "personally present[]" the grievance,

"either orally or in writing," to the public housing authority "so that the grievance may

be discussed informally and settled without a hearing."  24 C.F.R. §966.54 (2007).

"[W]ithin a reasonable time" after the informal discussion, the public housing authority

will write a summary of the discussion and give a copy of it to the tenant.  24 C.F.R.

§966.54 (2007).  "The summary shall specify the names of the participants, dates of

meeting, the nature of the proposed disposition of the complaint[,] and the specific

reasons therefor, and shall specify the procedures by which a hearing under [section]

966.55 may be obtained if the complainant is not satisfied."  24 C.F.R. §966.54 (2007).

Section 966.55 provides: "The complainant shall submit a written request for a hearing to the [public housing authority] within a reasonable time after receipt of the summary of the discussion pursuant to [section] 966.54." 24 C.F.R. §966.55(a) (2007).

Subpart B does not specify a deadline for initially submitting the grievance (that is, before the informal discussion). According to defendant, sections 1437d(k)(2) and (l)(4)(C) gave her up to 30 days to do so. The lease imposes a deadline of "[10] days after the grievable event." The issue is whether defendant's interpretation of the federal statute is correct. If her interpretation is correct, the lease conflicts with the statute, and in that event (as the parties agree), the statute should prevail.

Under section 1437d(k)(2), the tenant will "have an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (l)." 42 U.S.C. §1437d(k)(2) (2000). Subsection (l)(4) prescribes the periods of notice for terminating a lease (different circumstances call for different amounts of notice). 42 U.S.C. §1437d(l)(4) (2000). The parties agree that the only applicable period in subsection (l)(4) is the 30-day period in subsection (l)(4)(C) (42 U.S.C. §1437d(l)(4)(C) (2000)). Thus, defendant was to "have an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (l)" (42 U.S.C. §1437d(k)(2) (2000))--that period being, in the present case, 30 days (see 42 U.S.C. §1437d(l)(4)(C) (2000)). We understand the adverbial phrase "within any period applicable under subsection (l)" to modify the noun immediately preceding it: "request."

Plaintiff reasons that "if a tenant receives a 30[-]day eviction notice, the time to request a grievance must be within that period, meaning 30 days or less." (First

- 7 -

emphasis added, second one omitted.)  Plaintiff further reasons that because plaintiff "provid[ed] in its lease for all grievance requests to be made within 10 days or less, it meets *** the requirements of [sections 1437d(k) and (l)], because 10 days is <u>within</u> the 30[-]day notice of termination."  (Emphasis in original.)  This reasoning would be more persuasive if the statute read as follows:  "Tenants will *** have an opportunity for a hearing before an impartial party upon timely request within any period the lease prescribes, which shall be within the applicable period in subsection (l)."  That is not what the statute says.  Instead, it reads as follows:  Tenants will "have an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (l)."  42 U.S.C. §1437d(k)(2) (2000).  Defendant submitted her grievance within 30 days.  Therefore, it was timely, and the trial court erred in entertaining this action for forcible entry and detainer while the grievance procedure was still pending.

### III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment.

Reversed.

MYERSCOUGH and TURNER, JJ., concur.